Moco Oil Corporation *v.* Harris.

Opinion delivered February 6, 1928.

Appeal and error—moot case.—In an action to cancel certain assignments of royalties in a mining lease, where the record discloses that the plaintiff had assigned all of his rights and interest to a third party, who was not objecting to the assignments sought to be canceled, the questions in the case became moot and will not be determined on appeal.

Appeal from Union Chancery Court, Second Division; *A. L. Hutchins,* Chancellor on exchange; affirmed.

*N. A. Cox, Pat McNalley* and *Jordan Sellers,* for appellant.

*Mahony, Yocum & Saye,* for appellee.

Humphreys, J. This is an appeal from the decree of the chancery court of Union County, Second Division, dismissing the complaints for want of equity in the cases consolidated brought by appellant against each appellee for the purpose of canceling certain oil assignments, in the nature of overriding royalties, in an old and gas mining lease covering twenty acres of land in section 5, township 16 south, range 15 west, in said county.

One of the oil assignments sought to be canceled was executed by appellant on the 14th day of July, 1923, by its vice president, William McComb, and its secretary, C. C. Beach, to appellee, City State Bank of Chicago, Illinois, for a valuable consideration for one-fourth of all the oil and gas produced, saved and marketed from said lease until the bank should receive therefrom the sum of $24,000. Cancellation of the oil assignments was sought upon the alleged ground that it was never authorized or ratified by the stockholders or board of directors of appellant, and that it was not within the scope and power of its vice president and secretary to execute same. The prayer of the complaint was in the alternative, that, if the court found the assignment to be valid, it be declared a mortgage for the security of $10,000 alleged to have been borrowed by appellant from said appellee bank, and for an accounting and application of the proceeds of the oil received to the payment thereof.

The other oil assignments sought to be canceled were executed by appellant, acting through the same officers, to Gary G. Harris, by which it conveyed to him, on November 15, 1925, for a valuable consideration, four-sixteenths of the oil and gas produced, saved and marketed from said lease until Harris should receive from the oil and gas the sum of $4,500; and an assignment dated November 21, 1925, in which it conveyed to Gary G. Harris, trustee, for a valuable consideration, seven thirty-seconds of all oil and gas produced, saved and marketed from said lease until he should receive $10,500 therefrom.

The grounds upon which the last two assignments were sought to be canceled are as follows:

(1)  Because the assignments were not authorized or ratified by appellant either through its board of directors or its stockholders; (2) that, if the assignments should be upheld by the court, they should be declared mortgages for the security of the loans or advances made to appellant by Gary G. Harris, and declared usurious on account of an exaction of more than ten per cent. per annum for the forbearance; (3) that, if the assignments should be declared loans and not tainted with usury, an accounting should be ordered to the end that the proceeds derived from the oil received should be applied as payments upon the indebtedness.

The appellees in the respective suits filed answers controverting the material allegations in each complaint, and the cause was heard and determined upon the issues joined by the Hon. A. L. Hutchins, chancellor of the Fifth Chancery District of Arkansas, in exchange of circuits with the Hon. G. M. LeCroy, chancellor of the Seventh Chancery District of Arkansas. It is unnecessary to set out the testimony introduced by the respective parties responsive to the issues joined, as it is disclosed by the record that all the questions involved between the parties in these suits are moot. The record reflects that, on the 13th day of February, 1926, appellant herein executed an assignment of the oil and gas mining lease

involved in this controversy to H. M. Harrell in consideration of $32,000 and other valuable considerations, with all rights therein and thereunder, together with all personal property used and obtained in connection therewith and all oil and storage land covered by the lease, at 7 o'clock A. M. February 13, 1926, and covenanted in the assignment that it was the lawful owner of said lease and rights and interests therein and of all property thereon and used in connection therewith, and that it had good right and authority to sell the lease, rights, interest and property, and that they were clear and free from all liens and incumbrances, save and except the lien of a certain deed of trust executed to W. G. Forrest, trustee, dated February 12, 1926, securing the bonded indebtedness of appellant, aggregating $93,794, and save and except all valid oil assignments then of record.

The assignments sought to be canceled in this consolidated suit were of record at that time. Under this transfer to H. M. Harrell, all equities in the property passed out of appellant into him. If the assignments are valid, he bought subject to them, and if they are void, then the oil which was pledged to liquidate them would belong to Harrell and not to appellant. If these three oil assignments were canceled, appellant would not profit thereby, as everything it owned had passed to Harrell, and the profit would go to him. He is the only interested party, and is making no objection to the three assignments sought by appellant to be declared mortgage liens instead of absolute transfers.

On account of all questions involved in the appeal being moot, we refrain from determining them, and on that account affirm the decree of the chancellor dismissing the complaints.